Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered February 7, 2013. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the second degree (four counts) and endangering the welfare of a child.
*1354 It is hereby ordered that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, four counts of criminal sexual act in the second degree (Penal Law § 130.45 [1]). Shortly before the trial was scheduled to begin, defense counsel requested an adjournment of the trial on the ground that he was too ill to try the case. County Court initially denied the request and resolved certain pretrial matters, but then adjourned the trial. On appeal, defendant contends that the court abused its discretion in denying the initial request for an adjournment. It is well settled that the “granting of an adjournment for any purpose is a matter of discretion for the trial court” (People v Singleton, 41 NY2d 402, 405 [1977]; see People v Spears, 64 NY2d 698, 699-700 [1984]; People v Green, 74 AD3d 1899, 1900-1901 [2010], lv denied 15 NY3d 852 [2010]), and a “ ‘court’s exercise of discretion in denying a request for an adjournment will not be overturned absent a showing of prejudice’ ” (People v Aikey, 94 AD3d 1485, 1486 [2012], lv denied 19 NY3d 956 [2012]; see People v Bones, 50 AD3d 1527, 1528 [2008], lv denied 10 NY3d 956 [2008]; see generally People v Dashnaw, 37 AD3d 860, 862-863 [2007], lv denied 8 NY3d 945 [2007]). Here, we conclude that defendant failed to establish that he was prejudiced by the initial denial of defense counsel’s request for an adjournment. We reject defendant’s contention that the court was required to hold the matter in abeyance pursuant to CPLR 321 (c). Even assuming, arguendo, that the statute applies to criminal proceedings (cf. CPL 1.10; People v Silva, 122 AD2d 750, 750 [1986]), there is no indication in the record that defense counsel was “physically or mentally incapacitated” (CPLR 321 [c]).
Defendant further contends that he was denied effective assistance of counsel based upon several acts or omissions on the part of defense counsel. “To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations” for defense counsel’s allegedly deficient conduct (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Benevento, 91 NY2d 708, 712-713 [1998]), and defendant failed to make such a demonstration here. With respect to defendant’s claim that defense counsel was ineffective for failing to produce an expert witness to rebut the expert testimony introduced by the People, defendant has not established that such expert “testimony was available, that it would have assisted the jury in its determination or that he was prejudiced by its absence” (People v West, 118 AD3d *1355 1450, 1451 [2014] [internal quotation marks omitted]; see Aikey, 94 AD3d at 1487). With respect to defendant’s claim that defense counsel was ineffective for failing to make certain motions, it is well settled that an attorney’s “failure to ‘make a motion or argument that has little or no chance of success’ ” does not amount to ineffective assistance (People v Caban, 5 NY3d 143, 152 [2005], quoting People v Stultz, 2 NY3d 277, 287 [2004]), and we conclude that defendant’s claims of ineffectiveness involve motions that had virtually no chance of success. Defendant’s remaining claims concerning ineffective assistance of counsel “involve[ ] matters outside the record on appeal, and thus the proper procedural vehicle for raising [those] claim[s] is by way of a motion pursuant to CPL 440.10” (People v Wilson, 49 AD3d 1224, 1225 [2008], lv denied 10 NY3d 966 [2008]; see People v Hall, 50 AD3d 1467, 1469 [2008], lv denied 11 NY3d 789 [2008]). Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant’s motion for a trial order of dismissal was not specifically directed at the grounds advanced on appeal, and thus he failed to preserve for our review his challenge to the legal sufficiency of the evidence (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, we conclude that the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). “Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury” (People v Witherspoon, 66 AD3d 1456, 1457 [2009], lv denied 13 NY3d 942 [2010] [internal quotation marks omitted]), and “those who see and hear the witnesses can assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record” (People v Lane, 7 NY3d 888, 890 [2006]). Contrary to the dissent’s conclusion that a possible discrepancy in the date of the offense requires a different verdict, “any inconsistencies in the testimony of the victim with respect to the date[ ] of [the] crime[ ] merely presented a credibility issue for the jury to resolve” (People v Furlong, 4 AD3d 839, 841 [2004], lv denied 2 NY3d 739 [2004]). Furthermore, we respectfully disagree with the dissent’s reliance upon the circumstances under which the victim *1356 disclosed the abuse as a reason to reject his testimony. The People produced expert testimony establishing that victims of sexual abuse often, as part of the sexual abuse accommodation syndrome, exhibit a “delayed, conflicted and unconvincing disclosure” of the abuse, which would explain the circumstances upon which the dissent relies. Thus, although a different verdict would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).
Finally, the sentence is not unduly harsh or severe.
All concur except Fahey, J., who dissents and votes to reverse in accordance with the following memorandum.